**James DORSEY, Petitioner**

v.

**ALLIANCE ABROAD AND INS, Respondents**

**No. CIV. 03–158–PH.**

United States District Court,
D. Maine.

July 29, 2003.

James Dorsey, Portland, ME, Pro se.

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, District Judge.

The United States Magistrate Judge filed with the court on July 10, 2003, with a copy to the petitioner, her Recommended Decision on 28 U.S.C. § 2241 Motion Seeking Injunctive Relief. The time within which to file objections expired on July 28, 2003, and no objections have been filed. The Magistrate Judge notified the petitioner that failure to object would waive his right to *de novo* review and appeal.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED. The petition is DISMISSED.

So ORDERED.

## RECOMMENDED DECISION ON 28 U.S.C. § 2241 MOTION SEEKING INJUNCTIVE RELIEF

James Dorsey has filed a pleading styled as a petition for habeas corpus relief on behalf of foreign exchange students from Russia who hate their jobs at a McDonalds Restaurant in the Portland, Maine area. (Docket No. 1.) He names Alliance Abroad, its employee Dannette Bonner, and the Immigration and Naturalization Service as defendants. Dorsey wants this Court to enjoin the defendants from harassing and threatening to deport the students, conduct aimed at preventing them from quitting their jobs. In Dorsey's view this situation it tantamount to involuntary servitude prohibited by the Thirteenth Amendment of the United States Constitution and immigration laws.

While Dorsey's intentions seem nothing but altruistic, there is no habeas relief that this Court can provide. For one, it is evident that Dorsey lacks standing to bring a § 2241 petition on behalf of these

**10**

foreign exchange students. *See Coalition of Clergy, Lawyers, and Professors v. Bush,* 310 F.3d 1153 (9th Cir.2002). For another, the students are not under any governmental restraint or in governmental custody. Dorsey's allegations pertain solely to the conduct of Dannette Bonner towards the students and his follow-up contact with Alliance Abroad when the students informed them of their predicament. Dorsey nowhere alleges that immigration authorities have taken any action vis-à-vis the students. Accordingly, I recommend that the Court DISMISS Dorsey's petition.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 10, 2003.